MEMORANDUM **
Ammar Halloum seeks review of a final decision issued by the Department of La *107 bor’s (DOL) Administrative Review Board (ARB), dismissing his “whistle-blowing” complaint under the Sarbanes-Oxley Act of 2002(SOX), 18 U.S.C. § 1514A. We affirm.
Halloum asserts he was subjected to adverse employment actions by Intel Corporation (Intel) because he notified the Securities and Exchange Commission (SEC) that Intel used fraudulent and inappropriate accounting practices. A subsequent investigation cleared Intel of any wrongdoing. Nonetheless, ARB concluded that Halloum established a prima facie case of retaliation that shifted the burden to Intel to establish, “by clear and convincing evidence, that it would have taken the same unfavorable personnel action against Halloum in the absence of his protected activity.”
We agree with ARB that Intel satisfied that burden and thus did not violate SOX. The administrative record demonstrates that Halloum did not integrate himself into Intel’s workforce or perform up to Intel’s expectations. ARB specifically noted evidence indicating that Halloum missed meetings, was frequently absent from work, failed to perform duties expected of a group leader, failed to understand Intel’s business operations, did not meet the job expectations of his grade, failed to comprehend Intel’s accounting system, and forced Intel to shift his work responsibilities to other group leaders. As ARB indicated, [tjhese were sufficient, non-discriminatory reasons to seek his termination as an employee and accordingly, Intel “would have taken the same action in the absence of Halloum’s protected activity.” These findings are supported by substantial evidence and therefore the dismissal of Halloum’s complaint was not arbitrary, capricious, or an abuse of discretion. See 18 U.S.C. § 1514A(b)(2)(A) (incorporating by reference the standards of review of the Administrative Procedure Act, 5 U.S.C. § 706).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.